**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

September 15, 2021

LETTER TO COUNSEL

    RE:    *Kenneth L. v. Kijakazi*
             Civil No. SAG-20-624

Dear Counsel:

On March 6, 2020, Plaintiff Kenneth L. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 17, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed this claim for benefits on February 1, 2016, alleging a disability onset date of June 7, 2013. Tr. 158. His claim was denied initially and on reconsideration. Tr. 60, 75. A hearing was held on January 16, 2019, before an Administrative Law Judge ("ALJ"). Tr. 32-59. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, osteoarthritis of the right hip, mood disorder, and antisocial personality disorder." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except can only stand and/or walk for five hours in an eight-hour workday. He can only frequently operate foot controls with the right foot and occasionally climb ramps and stairs, balance, stoop, kneel, crouch[,] and crawl. He can never climb ladders, ropes[,] and scaffolds. He would need to avoid concentrated exposure to extreme cold, wetness, excessive vibration, hazardous moving machinery[,] and unprotected heights. He can only

>perform simple, routine, and repetitive tasks in a low-stress work environment with no strict production quotas. He can only occasionally interact with the public, coworkers, and supervisors.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as an unloader, but that he could perform other jobs available in significant numbers in the national economy. Tr. 25-26. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 26-27.

Plaintiff raises two primary arguments on appeal: (1) the ALJ erred in failing to account for Plaintiff's limitation in concentration, persistence, or pace; and (2) the ALJ erred in discounting Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. ECF No. 17 at 4. These arguments lack merit for the following reasons.

First, Plaintiff advances several related legal theories with respect to his argument that the ALJ failed to account his moderate limitation in concentration, persistence, or pace. Plaintiff argues that the ALJ's decision frustrates meaningful appellate review because the ALJ included the term "no strict production quotas" in his RFC determination. *See Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). Plaintiff also argues that the ALJ did not account for his moderate limitation in concentration, persistence, or pace, and that the ALJ did not build an accurate and logical bridge between the evidence and the ALJ's conclusion with respect to the limiting effects of his moderate limitation. *See Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016). Plaintiff also argues that the ALJ erred in failing to include numerous limitations contained throughout the record, including those to which Plaintiff testified at the hearing and those in medical opinions to which the ALJ assigned substantial weight.

As a threshold matter, I find that the ALJ's decision does not frustrate appellate review. In *Thomas*, the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work not "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." 916 F.3d at 312. The Court observed that neither the Dictionary of Occupational Titles nor the ALJ defined the term and that the term was not common enough that the Court could determine its meaning without further definition. *Id.* Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding . . . properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus . . . and stay on task at a sustained rate."). In contrast, "no strict production quotas" contains terms that are subject to common understanding. Unlike the term in *Thomas*, which required the Court to determine what pace or rate was required in "demand" or "production" occupations, here the ALJ determined that Plaintiff could not work in occupations with "strict production quotas." *See* 916 F.3d at 312. The term in this case plainly relates to the rigidity of the occupations' production requirements—whatever those requirements may be. Thus, I find that the inclusion of this term in the ALJ's RFC determination does not frustrate appellate review.

*Kenneth L. v. Kijakazi*
Civil No. SAG-20-624
September 15, 2021
Page 3


Further, I disagree that the ALJ's decision fails to comport with *Mascio*'s requirements. In *Mascio*, the ALJ found that the plaintiff was moderately limited in concentration, persistence, or pace but confined the plaintiff's nonexertional RFC determination only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate limitation in concentration, persistence, or pace by restricting a claimant to "simple, routine tasks or unskilled work . . . [because] the ability to perform simple tasks differs from the ability to stay on task." *Id.* at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Mascio*, 780 F.3d at 638.

Here, the ALJ's decision satisfies *Mascio*'s requirements. First, the ALJ included a specific limitation that addresses persistence or pace in the RFC determination. Tr. 18 (limiting Plaintiff to work that did not require strict production requirements). And, as just discussed, this term does not frustrate appellate review. Second, the ALJ assigned significant weight to the opinion of the state agency consultant who opined that Plaintiff could "attend/concentrate for extended periods with simple tasks customary [sic] activities." Tr. 23, 87. The ALJ found that the opinion was "consistent with [Plaintiff's] minimal mental health treatment and mental status on exam." Tr. 23. Thus, the ALJ explained his reasoning with respect to the RFC determination and cited to substantial evidence that supported his conclusion. The ALJ's decision contains the "accurate and logical bridge" required between the evidence and the ALJ's conclusion. *See Monroe*, 826 F.3d at 190. Remand under *Mascio* is therefore unwarranted.

With respect to Plaintiff's argument that the ALJ erred in failing to include certain limitations in the RFC determination, I disagree. First, with respect to Plaintiff's argument that the ALJ erred in both assigning significant weight to certain opinion evidence and omitting certain limitations contained therein, the Fourth Circuit has rejected this reasoning in *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017). In *Sizemore*, the ALJ heavily weighed two medical opinions in which the physicians opined that the plaintiff was moderately limited in several sub-categories considered when evaluating a claimant's concentration, persistence, or pace limitations. *Id.* at 80-82. The physicians each explained that the plaintiff was nonetheless able to persist while working on simple tasks. *Id.* The Fourth Circuit thus rejected the plaintiff's argument that the ALJ erred in failing to include all the moderate limitations in the RFC determination because the physicians explained the moderate limitation could be accommodated by a limitation to simple tasks and the ALJ included that limitation in the RFC determination. *Id.* Plaintiff's argument in this case thus mirrors the argument that the Fourth Circuit has already rejected. Second, with respect to other evidence Plaintiff identifies that he argues the ALJ need have accounted for in the RFC determination, an ALJ need only support his conclusions with substantial evidence. 42 U.S.C. § 405(g). The ALJ is not required to credit each piece of evidence presented by a claimant. In this case, the ALJ found that Plaintiff's subjective statements as to his limitations were not entirely credible. Tr. 19. Requiring the ALJ to incorporate further limitations would amount to this Court reweighing the evidence. This Court is not empowered to make findings of fact. 42

U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

Second, as to the ALJ's evaluation of Plaintiff's statements about the limiting effects of his symptoms, I find that the ALJ complied with the relevant legal standards. Plaintiff principally challenges the ALJ's emphasis on objective evidence and characterization of Plaintiff's activities of daily living. Plaintiff is correct that an ALJ may not reject a claimant's complaints solely because objective evidence does not substantiate them. *See Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence. *See* 20 C.F.R. § 416.929. In this case, the ALJ considered inconsistencies between the subjective and objective evidence, but the ALJ also considered Plaintiff's inconsistent attempts to seek medical treatment. Tr. 22. The ALJ also noted that Plaintiff himself reported that his medications significantly alleviated his pain. Tr. 21. Thus, the ALJ considered multiple factors in discounting Plaintiff's subjective symptoms.

Moreover, Plaintiff is also correct that an ALJ may not consider a claimant's activities of daily living without considering the nature and extent to which the claimant can perform those activities. *See Woods v. Berryhill*, 888 F.3d 686, 694-95 (4th Cir. 2018) (citing *Brown v. Comm'r*, 873 F.3d 251, 263 (4th Cir. 2017)). In this case, however, the ALJ considered Plaintiff's statements about the nature and extent of his activities of daily living in relation to medical evidence that directly contradicted his allegations. The ALJ ultimately concluded that Plaintiff's statements about his activities of daily living were not credible. For example, the ALJ considered that Plaintiff alleged that he could walk about 50 feet hunched over and had to stop due to leg pain. Tr. 19. The ALJ also considered that Plaintiff alleged that he could sit for a while but had to be hunched over. Tr. 19. The ALJ also considered that Plaintiff alleged he could climb only a few steps and could climb the four steps in his house as long as he was hunched over. Tr. 19. The ALJ also considered that Plaintiff alleged he could shop in stores as long as he was leaning on a cart. Tr. 19. The ALJ then discussed Plaintiff's medical records in which Plaintiff's physical capabilities did not reflect the extreme limitations Plaintiff alleged. For example, the ALJ discussed medical records in which Plaintiff had a "normal gait and station." Tr. 20. The ALJ noted that Plaintiff brought a cane to his consultative examination but could walk without it. Tr. 20. At that examination, Plaintiff could perform heel, toe, and tandem walking. Tr. 21. The ALJ ultimately concluded that Plaintiff "sometimes had a positive straight leg raise, tenderness of the spine, and reduced range of motion" but "had a normal gait, motor strength, sensation, and reflexes in the lower extremities." Tr. 21. The ALJ accordingly concluded that although Plaintiff did experience pain that resulted from his medically determinable impairments, Plaintiff was nonetheless capable of light work. Tr. 18. Thus, while in *Woods* the ALJ improperly characterized the plaintiff's activities of daily living to suggest her impairments were not as disabling as she alleged, here the ALJ noted Plaintiff's activities of daily living but found them incredible. *See* 888 F.3d 694-95. Remand is therefore unwarranted.

Finally, with respect to the argument Plaintiff raised in his Reply that the ALJ erred in failing to weigh the opinion of the consultative psychiatrist, the ALJ did not err. The consultative

*Kenneth L. v. Kijakazi*
Civil No. SAG-20-624
September 15, 2021
Page 5

examiner is Dr. Shakuntala Dhir. Tr. 218. His opinion is contained in the Administrative Transcript at 318-22. Those pages correspond with Exhibit 6F. The ALJ assigned this opinion modest weight, although in that portion of the ALJ's decision the ALJ referred to the physician as Dr. Shakuntala, rather than Dr. Dhir. Tr. 24. Accordingly, the ALJ did not err in failing to weigh this medical opinion. *See* 20 C.F.R. § 416.927.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported his conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 20, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge